## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* C.V. and L.V.

No. 17-0696 (Roane County 17-JA-22 and 23)

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, R.V., by counsel Andrew Vodden, appeals the Circuit Court of Roane County's July 18, 2017, order terminating his parental rights to C.V. and L.V.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Leslie L. Maze, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he did not take responsibility for the events giving rise to the abuse and neglect petition, denying his motion for a post-adjudicatory improvement period, and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2017, the DHHR filed an abuse and neglect petition that alleged that petitioner had chronic substance abuse issues, which caused him to abuse and neglect his children. The petition further alleged that on September 11, 2016, petitioner consumed methamphetamine and committed domestic violence against the children's mother in the presence of the children. More specifically, the petition alleged that petitioner strangled the mother and her father, who tried to intervene. The petition also alleged that petitioner restrained his children while holding a knife and cut up furniture in the home in the presence of the children. Petitioner was ultimately arrested and indicted for three counts of child neglect with risk of injury, two counts of strangulation, two counts of domestic battery, one count of brandishing a weapon, four counts of unlawful restraint, and three counts of domestic assault.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In April of 2017, petitioner was adjudicated as an abusing parent based upon his stipulation to the allegations set forth in the petition. Petitioner stipulated that his substance abuse impaired his ability to parent his children and that he engaged in domestic violence in front of the children. In June of 2017, the circuit court held a dispositional hearing. Prior to the hearing, petitioner filed a motion for a post-adjudicatory improvement period. The mother's parental rights were terminated and petitioner's dispositional hearing was continued due to his pending sentencing hearing.

Prior to the dispositional hearing, petitioner entered guilty pleas to strangulation and domestic assault, and was sentenced to consecutive terms of one year and six months. In July of 2017, petitioner's dispositional hearing concluded. At the hearing, petitioner testified that he was seeking drug treatment and that if parenting classes were available to him while incarcerated, he would take advantage of them. He also testified that during the September 11, 2016, incident, his children were not present for the strangulations and that he was not high on methamphetamine, but took it the day before. The circuit court found that petitioner refused to accept responsibility for his actions and putting his children at risk. The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, based upon his lengthy term of incarceration and his lack of acknowledgement of the abuse and neglect he perpetrated. Ultimately, the circuit court terminated his parental rights in its July 18, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in finding that he did not accept responsibility for the events giving rise to the abuse and neglect petition. He asserts that he

---

[2]The mother's parental rights were also terminated. According to the guardian and the DHHR, the children are placed with their maternal grandmother with a permanency plan of adoption in that home.

admitted to having substance abuse and anger issues and would be willing to seek treatment for substance abuse. This Court has held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Although petitioner stipulated to the allegations of abuse and neglect in the petition at adjudication, and at disposition, petitioner admitted to having substance abuse issues and to exposing the children to domestic violence; he attempted to minimize his actions of the September 11, 2016, incident by testifying that the events did not actually happen as they were set forth in the petition. He further attempted to mitigate his actions by testifying that his children were not present when he strangled the mother and her father and that he was not high on methamphetamine at the time of the incident, but that he used it the night before. Due to his attempt to mitigate his actions, the circuit court found that petitioner failed to take responsibility for his actions. We agree and find that petitioner failed to acknowledge the existence of the issues of abuse and neglect. We have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Therefore, we find no error in the circuit court's finding that petitioner failed to accept responsibility for the actions that led to the filing of the abuse and neglect petition.

Next, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. Although he argues that he would be willing to participate in drug treatment and parenting classes, his failure to acknowledge the abuse and neglect to which he subjected his children makes the issues untreatable. As discussed above, failure to acknowledge the problem makes an improvement period futile at the child's expense. *See Timber M.*, 231 W.Va. at 55, 743 S.E.2d at 363 (quoting *Charity H.*, 215 W.Va. at 217, 599 S.E.2d at 640.) Additionally, due to petitioner's incarceration, he would be unable to participate in an improvement period until his release, causing a delay in permanency for the children. Therefore, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Finally, petitioner argues that the circuit court erred in finding no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and in terminating his parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists

3

when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Petitioner placed his children in danger on September 11, 2016, by using methamphetamine in the home, strangling the children's mother and grandfather in the children's presence, and restraining the children with a knife. Additionally, petitioner has a history of substance abuse and anger issues. Due to his attempt to minimize his actions, the circuit court found that petitioner was unwilling or unable to solve the problems of abuse and neglect and that he failed to acknowledge what was needed to correct them. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon such findings. Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 18, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 23, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker